FILED 19 SEP '24 16:14 USDC-ORE

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:24-cr- 00358-MC |
| v. | **INDICTMENT** |
| **MATTHEW KNAPP,** ███████████, ███████████, **and** ████ | 18 U.S.C. §§ 933(a)(1) and (3);<br>18 U.S.C. § 922(g)(1);<br>18 U.S.C. §§ 922(o) and 924(a)(2);<br>18 U.S.C. § 924(c)(1)(A);<br>21 U.S.C. § 841(a)(1), (b)(1)(A)(viii);<br>26 U.S.C. §§ 5481, 5861(d), and 5871 |
| **Defendants.** | |

**Forfeiture Allegations**

**UNDER SEAL**

THE GRAND JURY CHARGES:

### COUNT 1
(Conspiracy to Traffick in Firearms)
(18 U.S.C. §§ 933(a)(1), (a)(3))

1. Beginning in or about December 2023, in the District of Oregon, defendants **MATTHEW KNAPP,** ███████████, ███████████████, **and** ████ ████████ did knowingly and intentionally combine, conspire, confederate, and agree with each other to traffic in firearms by knowingly and intentionally shipping, transporting, causing to be transported, and otherwise disposing of one or more firearms to a recipient in or otherwise

**Indictment**                                                                                       **Page 1**

affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony;

## GOAL OF THE CONSPIRACY

2.     It was the object of the conspiracy to break into Adult Victim 1's (AV1) vault that contained firearms, gold, silver, and cash and then sell or transfer the stolen firearms to other individuals, while knowing that the transfer of the firearms to the recipients would constitute a felony.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

3.     In furtherance of the conspiracy, and in order to affect the objects thereof, the co-conspirators committed, or caused to be committed, the following overt acts in the District of Oregon.

4.     On or about December 13, 2023, **MATTHEW KNAPP** sent a text to ▮▮▮▮▮▮ ▮▮▮▮▮ that contained a link to a website for drill rentals.

5.     Sometime before December 19, 2023, ▮▮▮▮ approached ▮▮▮▮▮▮ and offered him money if he could acquire a drill to carry out the burglary, with more money to be provided after the burglary.

6.     On or about December 19, 2023, **MATTHEW KNAPP,** ▮▮▮▮▮▮▮, and ▮▮▮▮▮ broke into AV1's underground vault.

7.     **MATTHEW KNAPP,** ▮▮▮▮▮▮, and ▮▮▮▮ stole approximately $1,000,000 in cash, as well as gold coins and bullion, silver coins, and various firearms.

8.     Following the burglary, ▮▮▮▮ informed ▮▮▮▮▮▮ that the vault was open and directed ▮▮▮▮▮▮ to go get guns from the vault.

**Indictment**                                                                **Page 2**



9.    Sometime around or after December 19, 2023, ███████████ returned to the vault and stole approximately 40 firearms. ███████████ then transported the stolen firearms to ████████ residence.

10.    ████████ and ████████████ gave ███████████ around $30,000 in cash in exchange for the firearms and to keep quiet about their involvement in the burglary.

11.    On or about December 19, 2023, ███████████, in a conversation on Facebook Messenger, informed an individual that AV1's vault was open and that he wanted a suppressor and ammo from the vault.

12.    Sometime before December 27, 2023, **MATTHEW KNAPP** transferred two stolen rifles in exchange for a vehicle.

13.    Sometime before January 31, 2024, a number of the stolen firearms, which had been stored at ████████ residence, were transferred to other individuals, including one firearm that was eventually recovered following law enforcement activity in California.

All in violation of 18 U.S.C. § 933(a)(1) and (a)(3).

## COUNT 2
### (Felon in Possession of a Firearm)
### (18 U.S.C. § 922(g)(1))

On or about December 19, 2023, in the District of Oregon, defendant **MATTHEW KNAPP,** knowing that he had been convicted of crimes punishable by imprisonment for a term exceeding one year, specifically:

  a.  Felon in Possession of a Firearm, on or about February 12, 2019, in the District Court of Oregon, Case Number 17-CR-00096-AA.

**Indictment**                                                                                          **Page 3**

b.  Possessing Armor-Piercing Ammunition, on or about November 11, 2011, in the State of California, Superior Court of California, Contra Costa County, Case Number 05001212695,

c.  Possessing Controlled Substance, on or about November 11, 2011, in the State of California, Superior Court of California, Contra Costa County, Case Number 0500121695;

did knowingly and unlawfully possess the following firearms, to wit:

1)  Olympic Arms, model CAR-AR, .223 caliber rifle; and

2)  Zastava, model PAP, 7.62 caliber rifle,

which had previously been transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 3
**(Felon in Possession of a Firearm)**
**(18 U.S.C. § 922(g)(1))**

On or about December 19, 2023, in the District of Oregon, defendant ███████████, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, specifically:

a.  Buying or Receiving Stolen Property, on or about November 3, 2014, in the State of California, Superior Court of California, County of Amador, Case Number: 14-CR-22800

did knowingly and unlawfully possess the following firearm, to wit: H&R Model 999 Sportsman .22 LR, which had previously been transported in interstate or foreign commerce,

In violation of Title 18, United States Code, Section 922(g)(1).

**Indictment**                                                                                    **Page 4**

## COUNT 4
### (Possession of a Machine Gun)
### (18 U.S.C. §§ 922(o) and 924(a)(2))

On or about December 4, 2023, in the District of Oregon, defendant **MATTHEW KNAPP** did knowingly possess a machine gun, to wit: a machine gun conversion device attached to a handgun,

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT 5
### (Possession with Intent to Distribute Methamphetamine)
### (21 U.S.C. § 841(a)(1), (b)(1)(A)(viii))

On or about January 5, 2024, in the District of Oregon, defendant ████████████ did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

## COUNT 6
### (Possession of Firearm in Furtherance of a Drug Trafficking Crime)
### (18 U.S.C. § 924(c)(1)(A))

On or about January 5, 2024, in the District of Oregon, defendant ████████████ did knowingly and intentionally possess a firearm, to wit: a 9mm caliber firearm, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute Methamphetamine as alleged in Count 5,

In violation of Title 18, United States Code, section 924(c)(1)(A).

/ / /

/ / /

/ / /

Indictment                                                                                             Page 5

## COUNT 7
### (Unlawful Possession of a Silencer)
### (26 U.S.C. §§ 5481, 5861(d), and 5871)

On or about January 9, 2024, in the District of Oregon, defendant ███████████

████████ did knowingly possess a firearm, that is, a firearm muffler or silencer not registered to

him under the National Firearm Registration and Transfer Record,

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Count 1 of this Indictment,

defendants **MATTHEW KNAPP**, ███████████████████████████████, and

███████████████ shall forfeit to the United States pursuant to 18 U.S.C. § 934(a)(1)(A)

and (B) any property constituting, or derived from, proceeds obtained, directly or indirectly, as a

result of the aforesaid violations and any property used, or intended to be used, in any manner or

part, to commit, or to facilitate the commission of said violation.

## SECOND FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Count 2 of this Indictment,

defendant **MATTHEW KNAPP** shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)

and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the commission of

the offense, including but not limited to the following:  Olympic Arms, model CAR-AR, .223

caliber rifle and a Zastava, model PAP, 7.62 caliber rifle, with associated ammunition and

accessories.

/ / /

/ / /

/ / /

**Indictment**                                                                                                       **Page 6**

## THIRD FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Count 3 of this Indictment, defendant ███████████████ shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the commission of the offense, including but not limited to the following:  H&R Model 999 Sportsman .22 LR, with associated ammunition and accessories.

## FOURTH FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Count 4 of this Indictment, defendant **MATTHEW KNAPP** shall forfeit to the United States pursuant to 49 U.S.C. § 80303, 26 U.S.C. § 5872, and 28 U.S.C. § 2461, all firearms and ammunition involved in or used in the commission of the offense, including but not limited to the following:  a machine gun conversion device, with associated ammunition and accessories.

## FIFTH FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Count 5 of this Indictment, defendant ████████████████ shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.

## SIXTH FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Count 6 of this Indictment, defendant ████████████████ shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the

**Indictment**                                                                                                    **Page 7**

commission of the offense, including but not limited to the following:  9mm caliber personally made firearm, with associated ammunition and accessories.

## SEVENTH FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Count 7 of this Indictment, defendant ███████████████████ shall forfeit to the United States pursuant to 49 U.S.C. § 80303, 26 U.S.C. § 5872, and 28 U.S.C. § 2461, all firearms and ammunition involved in or used in the commission of the offense, including but not limited to the following: Radical Firearms, model RIFS556, 5.56 caliber silencer, with associated ammunition and accessories.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

///

///

///

///

///

///

///

**Indictment**                                                                                      **Page 8**

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of said defendants up to the value of the

forfeitable property described above.

Dated: September 19, 2024.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

GAVIN W. BRUCE, OSB# 113384
Assistant United States Attorney